**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**ERIN SNYDER;** and **CHRISTOPHER PUCKETT**                                 **PLAINTIFFS**

**v.**                                                   **CIVIL ACTION # 2:07cv296-KS-MTP**

**THE TRAVELERS INDEMNITY COMPANY**
**OF AMERICA;** and **SOUTHGROUP INSURANCE**
**AND FINANCIAL SERVICES, LLC,** doing business
as Southgroup Insurance Services                                 **DEFENDANTS**

## Memorandum Opinion and Order

This cause is before the Court on the motion for judgment on the pleadings, or in the alternative, motion for summary judgment [Doc. # 23] filed by the Defendant.  Because the Plaintiffs have failed to put forward any evidence establishing a genuine issue of material fact, the motion for summary judgment should be **granted**.

## I.  Factual Background

Erin Snyder and Christopher Puckett own a specialty foods store in Petal, Mississippi.  In the summer of 2005, the pair decided to purchase a commercial insurance policy to cover their store from Southgroup Insurance and Financial Services, LLC ("Southgroup"), an independent insurance agency.  Southgroup arranged for the policy to be issued by the Travelers Indemnity Company of America ("Travelers") on July 18, 2005.

According to the Plaintiffs, the policy they purchased  "was to have complete and full coverage for...wind loss and coverage of contents and...[protection] against loss to their specific inventory, temperature sensitive items of food and nutritional supplements and the like, from all

coverable risks, including loss of electrical service." *See* Pl.'s Amend. Compl. ¶ 4 [Doc. # 11] (Feb. 27, 2008).

On August 22, 2005, Southgroup sent a copy of the policy to the Plaintiffs.  The cover letter attached mentioned that the Plaintiffs had sought an "increase of contents coverage from $5,150 to $35,000" in April of 2005. *See* Def.'s Ex. 1 [Doc. # 23-2] (July 15, 2008).  The letter did not state that the increase in coverage included any additional coverage for business interruption or damages resulting from a loss of utilities or electricity.

The Plaintiffs suffered extensive damage to their business when Hurricane Katrina struck one week later.  Like all surrounding businesses, their store lost power for several days following the storm.  According to the Plaintiffs, the power interruption caused by the storm resulted in an "almost complete loss of their inventory." *See* Pl.'s Amend. Compl. ¶ 5 [Doc. # 11] (Feb. 27, 2008).  The Plaintiffs submitted a claim to their insurer for the maximum amount of their coverage, $35,000.

On November 5, 2005, Travelers wrote to the Plaintiffs to inform them that the bulk of their claim had been denied.  In their letter, Travelers informed the Plaintiffs that their losses were caused by "a change in temperature which was caused by the failure of your utility service due to damage located off of the described premises which may be more commonly known as a general power outage or off premises power outage." *See* Def.'s Ex. 3 [Doc. # 23-4] (July 15, 2008).  Travelers noted that this was excluded from the Plaintiffs' policy, but that the policy did offer $2,500 of coverage for "direct damage resulting from the failure of the utility service or off premise power outage." *Id.*

The Plaintiffs filed suit against Travelers and Southgroup on November 5, 2007.  The

Plaintiffs subsequently settled their claim against Travelers, leaving Southgroup as the only remaining Defendant.

Southgroup has now moved for summary judgment against the Plaintiffs.  Southgroup alleges that the Plaintiffs' receipt of the subject policy bars any claim against Southgroup under state law, as the insureds had a duty to read the policy and are bound by its terms.  The Plaintiffs responded by arguing that they might not have received the policy prior to the storm, and that they specifically requested coverage that would have protected them from the losses incurred.

## II. STANDARD OF REVIEW

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  To support a motion for summary judgment, "the moving party ... [has] the burden of showing the absence of a genuine issue as to any material fact." *Burleson v. Tex. Dept. of Criminal Justice,* 393 F.3d 577, 589 (5th Cir 2004).  Material facts are those that "could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003) (citations omitted).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party" on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the court views all evidence "in the light most favorable to the non-moving party" and "draw[s] all reasonable inferences in its favor." *Breen v. Texas A&M Univ*., 485 F.3d 325, 331 (5th Cir. 2007).  If the movant satisfies its initial

burden, then the burden shifts back to the nonmoving party to produce evidence indicating that a genuine issue of material fact exists for each essential element of its case. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246-47 (5th Cir. 2003). The nonmovant is not entitled to merely rest on her pleadings, but must set forth "specific facts showing there is a genuine issue for trial." *DirecTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). If the nonmovant responds and still "no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni v. General Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).

An insurance agent has a duty "to exercise reasonable diligence in obtaining a policy conforming to the request of the insured." *Haggans v. State Farm Fire and Cas. Co.*, 803 So. 2d 1249, 1252 (Miss. App. 2002). To prove that an agent negligently failed to procure a policy, the plaintiff must prove the traditional elements of negligence, including duty, breach of that duty, damages and causation by a preponderance of evidence. *Lovett v. Bradford*, 676 So. 2d 893, 896 (Miss. 1996).

## III.  APPLICATION AND ANALYSIS

In responding to the Defendant's motion for summary judgment, the Plaintiffs neglect to offer any evidence in support of their claims. Although they allege in briefing that they might not have received the policy documents prior to the storm, the Plaintiffs have offered no affidavits or sworn testimony to that effect. They rely completely on their unsubstantiated and unsworn allegations from their brief and their Amended Complaint. By failing to set forth any specific facts showing there is a genuine issue for trial, the Plaintiffs' claims cannot survive summary

4

judgment.

In briefing, the Plaintiffs make the vague allegation that "according to the discovery provided, an agent of the Defendant admitted when the claim was denied that they had not obtained the proper coverage." *See* Pl.'s Res. Br. at 3 [Doc. # 27] (July 29, 2008).[1]  In addition to being unclear, this statement is not tantamount to **evidence** establishing that the Defendant admitted that they had not obtained the coverage requested by the Plaintiffs.[2]  Moreover, the statement from the brief that "Dr. Puckett and Ms. Snyder allege that they specifically requested and asked for contents coverage which would cover them in the event of electrical outage" is not the same as offering **evidence** of the Plaintiffs' request, which might include (1) affidavits by either Plaintiff or representatives of Southgroup; (2) written correspondence between the Plaintiffs and the Defendant; or (3) depositions from any party with knowledge of the transaction.[3]

In this case, the movant has satisfied "its obligation of demonstrating that there are no

---

[1] Although the Plaintiffs allude to discovery that establishes this fact, they have failed to provide this evidence to the Court.

[2] It is unclear, based on this allegation, who had failed to obtain the proper coverage, and what circumstances surrounded this failure.  Was the "proper coverage" that which was requested by the Plaintiffs, or did the Plaintiffs fail to request the "proper coverage" that should have been recommended by their agent according to their needs?  Did their agent fail to follow a direct instruction, or rather fail to implement the insureds' request by applying his or her superior knowledge of the available options?  With no evidence submitted, and only the barest allegations made, the Court has no way to determine the contours of the Plaintiffs' Amended Complaint.

[3] The same analysis applies to the allegation from the Amended Complaint that "SouthGroup's agents and employees did promise to obtain the requested coverage and did admit that if the policy did not cover the Plaintiffs then they had obtained the wrong coverage." *See* Pl.'s Amend. Compl. ¶ 7 [Doc. # 11] (Feb. 27, 2008).

factual issues warranting trial" based on the evidence submitted, including a copy of the policy and a cover letter dated one week prior to the storm. *Russ v. International Paper Co.*, 943 F.2d 589, 592 (5th Cir. 1991).  Yet in response to this evidence, the non-movant has failed to do anything more than simply recite the allegations of its Amended Complaint.  According to the text of Rule 56(e)(2), a non-movant opposing summary judgment "may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." *See* Fed. R. Civ. P. 56(e).  A non-movant cannot defeat summary judgment with only "conclusory allegations" or "unsubstantiated assertions." *See Matsushita Elec. Indus. Co. v. Zentih Radio Corp.*, 475 U.S. 574, 586 (1986).  As this district has observed, "when a motion for summary judgment is filed and is accompanied by competent supporting evidence, a court may grant the motion if the opposing party **fails to present controverting evidence**." *Montee v. Imperial Palace of Miss.*, 2005 WL 1684027 at *2 (S.D. Miss. July 19, 2005) (emphasis added).

Even if the Plaintiffs submitted an affidavit that reiterated the same allegations from their Amended Complaint, the uncontested evidence submitted by the Defendant shows that the policy was mailed to the insureds one week before the incident occurred.  The Plaintiffs do not claim that they did not receive a copy of the subject policy before the storm, only that it would be "entirely reasonable to believe" that they only received their copy after the storm. *See* Pl.'s Res. Br. at 2 [Doc. # 27] (July 29, 2008).  This contention would be sensible if (1) the Plaintiffs actually claimed not to have received the policy and (2) the Defendants claimed to have mailed it on the date noted in the record.  As the allegations stand, there is no basis upon which the Court

6

could reasonably assume that the Plaintiffs received the policy only after the storm.

And if the Court were to convert their allegations into affidavits for evidentiary purposes to support the instant motion, the Plaintiffs fail to allege the relevant facts needed to support their claim.  In the face of an insurance contract, a party's reliance upon contrary representations by the agent is unreasonable. *Hutton v. American General Life & Acc. Ins. Co.*, 909 So. 2d 87, 95 (Miss. App. 2005) (citing *Barhonovich v. American Nat. Ins. Co.*, 947 F.2d 775, 778 (Miss. 1991)).[4]  Moreover, the Plaintiffs only allege that they thought they asked for additional coverage, and they reiterate no misstatements or misrepresentations by Southgroup agents that might form the basis of any claim.  The allegations are simply too vague to determine exactly what acts or omissions by Southgroup might entitle the Plaintiffs to relief.  And with no evidence submitted to support it, the Plaintiffs' claim of negligent failure to procure coverage cannot survive summary judgment.

## IV. CONCLUSION

While it might be possible for the Plaintiffs to recover on a claim for fraud or negligent failure to procure insurance coverage against Southgroup, the Plaintiffs' inability to establish any facts in response to the motion for summary judgment makes their prospect for recovery impossible.  With nothing more than the unsubstantiated allegations of the Plaintiffs, there exists no genuine issue of material fact suitable for trial.

---

[4] *See also Leonard v. Nationwide Mut. Ins. Co.*, 438 F. Supp. 2d 684, 695 (S.D. Miss. 2006).

7

IT IS, THEREFORE, ORDERED AND ADJUDGED that the motion for summary judgment [Doc. # 23] is **granted**.

SO ORDERED AND ADJUDGED on this, the 14h day of August, 2008.

*s/Keith Starrett*

UNITED STATES DISTRICT JUDGE